■ THOMAS J. DIFFLEY, Appellant, v ALLSTATE INSURANCE COMPANY, Respondent.—In an action to recover damages for defendant's cancellation of plaintiff's policy of automobile insurance, plaintiff appeals from an order and resettled judgment (one paper) of the Supreme Court, Queens County, dated April 12, 1976, which, *inter alia,* is in favor of defendant upon the trial court's dismissal of the complaint at the close of the entire case, at a jury trial. Order and resettled judgment reversed, on the law, and new trial granted, with costs to abide the event. On December 11, 1970 the plaintiff, Thomas J. Diffley, brought suit against the defendant, Allstate Insurance Co., to recover damages resulting from defendant's alleged refusal to honor its commitment under an insurance policy. The complainant alleges that up to and including May 20, 1969 plaintiff had automobile liability insurance with the defendant. Sometime after that date the defendant informed him that it had cancelled his insurance for nonpayment of the premium. The complaint goes on to allege that at the time of the cancellation the plaintiff was not in default in payment, and that as a result of the defendant's act he

lost his chauffeur's license and, subsequently, his employment. The complaint also alleges gross negligence on the defendant's part in cancelling the insurance. This case was first tried in the Supreme Court, Queens County, in March, 1974, and resulted in a jury verdict in the plaintiff's favor in the amount of $12,000. At that trial the Supreme Court dismissed an action for a declaration that there had been insurance in force on July 9, 1969, and that his wife had made payment of the premium in time to prevent cancellation of the insurance. In *Diffley v Allstate Ins. Co.* (48 AD2d 652) this court reversed the judgment which resulted from the first trial as against the weight of the evidence and granted a new trial. At the second trial, the plaintiff's complaint was dismissed before submission of the case to the jury, Trial Term finding that he had not made out a prima facie case. The evidence adduced at trial established a prima facie case, and thus presented a question of fact as to whether the defendant had wrongfully canceled the plaintiff's insurance. This factual question was for the jury to decide, and the case should have been submitted to it. We have not considered the other question raised on this appeal. Hopkins, J. P., Martuscello, Margett and O'Connor, JJ., concur.